[No. 8536.   Department One.   July 23, 1910.]

TWYMAN O. ABBOTT, *Appellant*, v. CRAWFORD & CONOVER,.
*Respondent.*[1]

BROKERS—LIABILITY—RECOVERY OF EARNEST MONEY—FACT OF EM-
PLOYMENT—EVIDENCE—SUFFICIENCY.  In an action to recover earnest
money paid on an intended purchase of land, the preponderance of
the evidence shows that plaintiff dealt with the defendant as an
agent or broker, and not as the principal, and defendant is not liable
for the earnest money where it appears that the defendant, a cor-
poration engaged in the real estate business, a day or two after
application by the plaintiff for tide lands, submitted a proposition
on property belonging to one C., whom two witnesses testified was.
present at plaintiff's office with defendant's employee, that plaintiff,
who was a lawyer, drew his check for $700 payable to the defendant,
and insisted upon two receipts, which he drew up, one being from
C. to the defendant for $500 earnest money, $200 being the amount of
defendant's commissions retained by it, and that four days later,
at defendant's office, plaintiff met C., as he claims for the first time,
and objected to the contract of sale because C. was a married man and
the contract was not signed by C.'s wife, and not because the contract
was not signed by the defendant; since the recitation in the receipt
that C. had received the $500 from the defendant must be construed
in the light of the whole transaction, and the other circumstances.
bear the scale in favor of the respondent (GOSE, J., dissenting).

Appeal from a judgment of the superior court for King
county, Gay, J., entered April 30, 1909, upon findings in
favor of the defendant, after a trial on the merits before the
court without a jury, in an action on contract.   Affirmed.

[1]Reported in 109 Pac. 1063.

*Philip Tindall*, for appellant.

*James B. Howe, C. H. Farrell*, and *Peter L. Pratt*, for respondent.

PER CURIAM.—Plaintiff called on defendant, a corporation engaged in the real estate business in Seattle, Washington, in the early part of January, 1906, with reference to the prospective purchase of tide lands in that city. Defendant at the time had nothing to offer, but a day or two after, one of its employees called upon plaintiff and submitted two propositions, one of which seemed attractive to him. On January 11, plaintiff drew his check upon a local bank for the sum of $700, payable to defendant. The property was owned by one W. L. Clark, but plaintiff contends that he did not know that any one other than defendant was interested in the transaction directly or indirectly, at the time the $700 was paid, nor for several days thereafter. Two witnesses on behalf of defendant swore that Mr. Clark was present at the time the $700 was paid. Their testimony is supported by the fact that a receipt for $500, of even date with the check, drawn by Mr. Abbott himself, is signed by Clark. Defendant's witnesses testified that plaintiff insisted upon having the receipt in proper form and he, being an attorney, was asked by Mr. Conover, a member of the defendant company, to draw it himself, so that its terms might be stated in accord with his ideas. The receipt runs to Crawford & Conover.

Thereafter, on January 15, plaintiff was notified that the matter had so far progressed that it had been put in the form of a contract, which was ready for delivery. Plaintiff then went to the office of the defendant and there met the owner, as he says, for the first time, and looked over the contract. He says:

"I discovered that it was executed only by himself [Clark]. I asked him if he was a married man, and upon his stating that he was, I handed back the paper without any further examination, and informed them that I would not accept it

until it had been properly executed by his wife." An abstract of the title was delivered to appellant at that time, and at the same time, Crawford & Conover signed a memorandum reciting the receipt of the contract from Clark to plaintiff, and other papers to be delivered upon approval of abstract and payment of the purchase price. It further recited that, if the payments were not made in accordance with the contract, the papers should be returned to Clark. Plaintiff disclaims any notice or knowledge of this memorandum. Within five days allowed for the examination, appellant returned the abstract with certain objections. He declined to proceed further, and demanded a return of the earnest money from defendant. It is the contention of plaintiff that he dealt only with defendant, and purposely avoided contracting in any way with Clark; while defendant contends that it acted solely as an agent or broker, that it had no interest in the property or the transaction, other than its commission of $200, which Clark paid out of the $700 received as an initial payment, all of which was known to plaintiff at the time. From a judgment in favor of the defendant, plaintiff has appealed.

Whether respondent dealt with appellant as an agent or a principal, was the only question considered by the lower court, and the only one for us to decide. That appellant had notice of Clark's ownership and drew the receipt for the amount of the earnest money going to him, and that his objection to the form of the contract when submitted was based, not upon the fact that it was not signed by respondent with whom he insists he intended to deal as a principal, but upon the fact that Clark, the owner, was a married man, and that his wife had not joined her husband in its execution, are circumstances sufficient to bear the scale in favor of respondent. The fact that the earnest money receipt recited that Clark had received $500 from respondent, must be construed in the light of the whole transaction. When so considered, it would not show title in, or intent to take title by, respondent.

The evidence preponderating in favor of respondent, the judgment of the lower court was properly entered. Judgment affirmed.

Gose, J. (dissenting)—As I read the evidence, the conclusion is forced upon me that the appellant dealt exclusively with the respondent. He paid it the sum of $700 earnest money. It retained $200, and paid Clark, the alleged owner of the property, the balance, and took his receipt therefor, reciting that he had received $500 from the respondent as earnest money for the purchase price of the property described in the receipt. If the appellant had dealt with Clark, as the respondent claims, he would have paid the money to him and would have taken the receipt in his own name. The appellant is not mentioned in the receipt. The title to the property not being marketable, the appellant was entitled to have the earnest money returned by the respondent. The judgment should be reversed, with directions to enter a judgment in favor of appellant for the amount claimed.